Filed 4/13/16  Wilson v. Autler CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LARRY WILSON, | |
| Plaintiff and Respondent, | E063548 |
| v. | (Super.Ct.No. RIC1108021) |
| CAROLE AUTLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sunshine S. Sykes, Judge.

Affirmed.

Carole Autler, Defendant and Appellant in pro. per.

No appearance for Plaintiff and Respondent.

According to our records, this is the eighth time that Carole Autler and Larry

Wilson have been opposing parties in a matter before this court.

Wilson claims an easement over Autler's land; Autler disputes his claim and has

blocked the easement.  In 2012, the trial court entered judgment in favor of Wilson; it

issued a permanent injunction prohibiting Autler from blocking the easement.

Nevertheless, as of 2015, Autler was still blocking the easement. On Wilson's motion, the trial court modified the injunction so as to allow Wilson to clear the easement himself.

Autler appeals. Finding no error, we will affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, the trial court entered a permanent injunction prohibiting Autler from blocking the easement. The injunction described the easement as 16 feet wide.

At the same time, the trial court also entered a judgment stating, "Court ordered Easement to be cleared of obstacles immediately by Defendant Autler."

As of January 2015, the easement was still obstructed — by trees, by a locked and chained fence, and by trash. In April 2015, Wilson filed a motion to amend the permanent injunction so as to allow him to use self-help to clear the easement. He also filed an ex parte application to shorten time; he explained that the matter was urgent because his property was in escrow. The trial court ordered the motion heard on shortened time.

In response to the motion, Autler submitted a document entitled "Notice of Motion to Dismiss for Lack of Jurisdiction, Special Appearance." Apparently the trial court did receive and read this document. However, it was never filed and it is not in the appellate record.

2

At the hearing, Autler asserted that the trial court lacked jurisdiction. She also argued that the easement was only 8 feet wide, not 16 feet wide.

The trial court granted the motion. Accordingly, it ordered that Wilson could clear the easement, provided that Riverside County Sheriff's officers were present to supervise and to keep the peace. Its order once again described the easement as 16 feet wide.

Autler filed a timely notice of appeal.

## II

## JURISDICTION AFTER ENTRY OF JUDGMENT

Autler contends that the trial court lacked jurisdiction because it had already entered judgment.

A trial court, however, retains continuing jurisdiction to modify a permanent injunction. "Upon notice and motion, the court may modify . . . a final injunction upon a showing that there has been a material change in the facts upon which the injunction was granted, that the law upon which the injunction was granted has changed, or that the ends of justice would be served by the modification or dissolution of the injunction." (Civ. Code, § 3424, subd. (a); accord, Code Civ. Proc., § 533.)

"This statute codifies a long-settled judicial recognition of the inherent power of the court to amend an injunction in the interest of justice when ' . . . there has been a change in the controlling facts upon which the injunction rested, or the law has been changed, modified or extended, or where the ends of justice would be served by

modification.' [Citations.]" (*Swan Magnetics, Inc. v. Superior Court* (1997) 56 Cal.App.4th 1504, 1509.) Thus, here, the trial court still had jurisdiction.

III

THE TRIAL COURT'S FAILURE TO ORDER CLEARANCE IN 2012

Autler argues that the trial court did not specifically order her to clear the easement in 2012, and therefore it could not allow Wilson to clear the easement in 2015.

Her argument turns on the fact that, in 2012, the trial court entered two separate decrees at the same time. One was the judgment, which stated, "Court ordered Easement to be cleared of obstacles immediately by Defendant Autler." The other was the permanent injunction, which prohibited Autler from blocking the easement, but did not specifically order her to clear the easement. Thus, Autler argues that any order to clear the easement cannot be enforced because either (1) it was never reduced to writing, or (2) to the extent that it was reduced to writing, it was not sufficiently clear and specific. Evidently, in her view, because the trial court did not order her to clear the easement in 2012, there was no order that it could "modify" to allow Wilson to clear the easement in 2015.

We may assume, without deciding, that the trial court did not order Autler to clear the easement in 2012. However, as just discussed in part II, *ante*, the trial court has the power to modify a permanent injunction at any time, as necessary to serve the ends of justice. Thus, it could order her (or allow Wilson) to clear the easement for the very first time in 2015.

4

We also note that, if — as Autler claims — the trial court *did* order her to clear the easement yet failed to reduce its order to writing, that would be a mere clerical error, which it could correct at any time.  (See generally *Conservatorship of Christopher B.* (2015) 240 Cal.App.4th 809, 816.)

## IV

## THE WIDTH OF THE EASEMENT

Autler contends that the challenged order was erroneous because the easement was only 8 feet wide, not 16 feet wide.  Her theory is that, in 1994, the same person owned both the dominant tenement and half of the easement, resulting in a merger.  (See Civ. Code, § 811, subd. 1; *Zanelli v. McGrath* (2008) 166 Cal.App.4th 615, 624-628.)

Autler, however, did not introduce any *evidence* of these supposed facts.  Hence, they are not shown by the appellate record.  We may reject this contention for this reason alone.

Separately and alternatively, we also reject it because the 2012 permanent injunction determined that the easement was 16 feet wide.  That determination is binding on Autler as collateral estoppel.  (See *Proctor v. Vishay Intertechnology, Inc.* (2013) 213 Cal.App.4th 1258, 1275.)  On this record, she cannot show any reason why collateral estoppel should not apply.

## V

## VIOLATION OF THE AUTOMATIC STAY

Autler contends that the order appealed from was automatically stayed by this appeal, and therefore Wilson violated the automatic stay (see Code Civ. Proc., § 916, subd. (a)) by proceeding to clear the easement.

Autler filed her notice of appeal on May 8, 2015. She claims that Wilson cleared the easement on May 11, 2015, but she has not provided any citation to the record to support this claim. (Cal. Rules of Court, rule 8.204(a)(1)(C).) And, in fairness, she could not, because the claimed fact does not appear anywhere in the appellate record. This is sufficient reason in itself to reject her contention.

Separately and alternatively, Autler does not explain what she wants this court to do about the supposed violation. She never sought a remedy in the trial court, so there is no ruling for us to review. "A party on appeal cannot successfully complain because the trial court failed to do something which it was not asked to do. [Citation.]" (*Farmer Bros. Co. v. Franchise Tax Bd.* (2003) 108 Cal.App.4th 976, 993.)

Autler also never sought an appropriate remedy in this court. If she thought that Wilson was about to violate an automatic stay, she was entitled to file a petition for a writ of supersedeas. (*Chapala Management Corp. v. Stanton* (2010) 186 Cal.App.4th 1532, 1542, fn. 8.) She never filed such a petition. On May 28, 2015 — i.e., *after* Wilson supposedly cleared the easement — she filed a "Motion to Clarify" whether the order appealed from was automatically stayed. We denied that motion on the ground that we

6

could not give legal advice. We also ordered, "If appellant intended the motion to be a petition for a writ of supersedeas, the petition is denied as inadequate." Nevertheless, Autler still did not file a supersedeas petition (and it was almost certainly too late for her to do so).

Accordingly, we need not decide whether Wilson violated the automatic stay. Even assuming, for the sake of argument, that he did, Autler has not shown that we can give her any relief.

## VI

## DISPOSITION

The order appealed from is affirmed. As Wilson has not appeared, we do not award any costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>RAMIREZ</u>

P. J.


We concur:

<u>HOLLENHORST</u>

J.

<u>CODRINGTON</u>

J.

7